# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY LOWRY, | : | |
| Petitioner, | : | |
| v. | : | No. 4:18-CV-407 |
| WARDEN FPC-SCHUYLKILL, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### NOVEMBER 27, 2018

**I.   BACKGROUND**

Larry Lowry filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Schuylkill Federal Prison Camp, Minersville, Pennsylvania (FPC-Schuylkill). Named as Respondent is the Warden of FPC-Schuylkill. Service of the petition was previously ordered.

Petitioner sought habeas corpus relief on the grounds that his request for placement in a Residential Reentry Center ("RRC") as early as March 28, 2018 was denied by the Bureau of Prisons (BOP) without adequate explanation for its decision. As relief, Lowry requests that the BOP be directed to provide him with proper consideration of his RRC request.

## II. DISCUSSION

Respondent has filed a "Notice of Suggestion of Mootness." Doc. 7, p. 1. The notice provides that Petitioner was released from BOP custody on June 7, 2018. *See id.* In light of Lowry's release from incarceration, Respondent asserts that this matter is now moot.

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475 (1973), *Telford v. Hepting*, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in *Burkey v. Marberry*, 556 F.3d 142 (3d Cir. 2009), in the context of a habeas corpus challenge to the execution of a sentence under § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." *Burkey*, 556 F. 3d at 147. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id*. *See also United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008).

A review of the Petitioner's BOP inmate locator records, submitted by the Respondent, reveals that Petitioner was granted release on June 7, 2018. *See* Doc. 7-1.

Since Petitioner has been granted release from federal custody, he is no longer a candidate for RRC placement. As such, under the principles set forth in *Steffel and Scott,* this matter is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge